

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00497-CR

Jimmy Don **SMARTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 43rd District Court, Parker County, Texas
Trial Court No. CR12-0166
The Honorable Trey E. Loftin, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  June 5, 2013

AFFIRMED

A jury found appellant, Jimmy Don Smartt, guilty of driving while intoxicated with a passenger under the age of fifteen in the vehicle. The trial court assessed punishment at eighteen months' confinement. In two issues on appeal, appellant challenges rulings made by the trial court. We affirm.

### 911 CALL

State's witness Nikki Ashley testified she was driving behind a vehicle that she believed was being driven by someone who was intoxicated. Based on this belief, Ashley called 911. Her

call initially connected with Parker County Sheriff's Office dispatch because of her proximity to the nearest cell tower. However, because Ashley continued to follow the driver into the city of Weatherford, the 911 call was transferred to Weatherford Police Department dispatch. The 911 recording from the Weatherford Police Department was admitted into evidence, but the recording of the Parker County call was not. After Ashley testified on both direct and cross-examination, she was excused subject to recall and the jury was excused for lunch. With the jury out, appellant informed the trial court that he had not been provided with a copy of the recording of the Parker County 911 call. Appellant then asked, pursuant to Texas Rule of Evidence 615, that the recording be produced or that a mistrial be granted. The State contended a recording of the call could not be located and may not exist. On appeal, appellant asserts the trial court erred by overruling his request for a copy of the recording and by overruling his motion for mistrial.

Rule 615 states in relevant part as follows:

(a) Motion for Production. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the state or the defendant and defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

(b) Production of Entire Statement. If the entire contents of the statement relate to the subject matter concerning which the witness has testified, the court shall order that the statement be delivered to the moving party.

. . .

(e) Sanction for Failure to Produce Statement. If the other party elects not to comply with an order to deliver a statement to the moving party, the court shall order that the testimony of the witness be stricken from the record and that the trial proceed, or, if it is the attorney for the state who elects not to comply, shall declare a mistrial if required by the interest of justice.

TEX. R. EVID. 615(a), (b), (e).

At trial, the State contended its investigator contacted the Parker County Sheriff's Office dispatcher and asked them to look for the recording of the 911 call, but the Sheriff's Office could not find it. The investigator then went to the dispatch office and personally looked for the recording, but the investigator found nothing. The prosecutor did not know whether the recording ever existed. The trial court ordered "for purposes of [Rules] 107 and 615, for the State to give over all materials as it relates to this witness or preparation of this witness." Therefore, we do not agree with appellant that the trial court overruled his request for a copy of the recording.

Instead, recognizing the State did not have the recording and could not locate a copy, the trial court overruled appellant's request for a mistrial based on its conclusion that the State was not "electing" to not comply, but simply could not comply. The "plain language" of Rule 614(a) requires a prosecutor to produce witness statements or statements that relate to the subject matter concerning which the witness has testified "that are in the prosecutor's possession." *Jenkins v. State*, 912 S.W.2d 793, 819 (Tex. Crim. App. 1993). Because the recording of the 911 call was not in the State's possession and the prosecutor affirmatively stated attempts to locate the recording were unsuccessful, we conclude the trial court did not err in denying appellant's request for a mistrial.

## JURY ARGUMENT

Appellant asserts in his final issue that the trial court erred by overruling his objection to the prosecutor's prejudicial statements during closing arguments.

As part of her testimony, Ashley stated that as she was following appellant's car, she saw a woman in the front passenger seat and a girl in the back seat, and she noticed the driver [appellant] "was really aggravated with the two women in the car"; they were arguing. The

young woman who was in the back seat of appellant's car testified there was no argument.

During defense counsel's closing argument, he stated as follows:

> Was there a fight, an argument?  No.  Where did Nikki Ashley get that from?  I have no idea.  Where did Officer Stagner get that the fight, according to Ashley, continued after they got to the store.  It didn't happen, folks.  The truth, the whole truth, nothing but the truth.  And I've never been wrong, And we know that's not true.
>
> I'm going to ask you for a verdict of not guilty because it's justified by the law and the facts before you.  There is reasonable doubt in this case.

The prosecutor then began his closing as follows:

> Thank you, judge.  Well, that was kind of new.  The truth, the whole truth, and nothing but the truth, which is something that they're not sworn to tell you because they're not a —
>
> [By defense counsel:] Your Honor, I'm going to object.  That is an attack on counsel.  We are under a duty to tell the truth.
>
> . . .
>
> [Prosecutor's response:] Judge, he's [defense counsel] not under oath.  He's not a witness.

The trial court instructed the jury as follows:

> What the attorneys say is not argument.  Everybody in this room that is in front of this bar, including the court reporter, have taken oaths to tell the truth and to support the Constitution.
>
> I know these attorneys.  They're very good gentlemen, they work hard, and I do not consider that to be an attack on Counsel.  . . . .

On appeal, appellant argues the trial court erred by overruling his objection to the prosecutor's prejudicial and improper argument.  Appellant asserts the prosecutor's statement conveyed to the jury that defense counsel, unlike others, are liars and under no duty to tell the truth; therefore, the jury should disregard anything said by defense counsel as untruthful and unprofessional.

Permissible jury argument falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). Argument that strikes at a defendant "over the shoulders of defense counsel" is improper. *See Wilson v. State*, 7 S.W.3d 136, 147 (Tex. Crim. App. 1999); *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). The Court of Criminal Appeals "maintains a special concern for final arguments that result in uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney." *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990). In its most egregious form, this kind of argument may involve accusations of manufactured evidence, *id.* at 129, or an attempt to contrast the ethical obligations of prosecutors and defense attorneys, *Wilson v. State*, 938 S.W.2d 57, 58-60 (Tex. Crim. App. 1996), *overruled on other grounds*, *Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002).

In *Mosely v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998), the Court of Criminal Appeals considered the following statement to be "mild[], merely indicating that the defense attorneys would attempt to use argument to divert the jury's attention or obscure the issues":

> There is only one route to the truth. It is by traveling on the main road. That will take you to your proper destination. But you must stay on the main road. The defense has attempted to get you off the main road, to divert you. They don't want you to stay on the main road because they know where that will take you.

*Id.* at 258. The Court stated, "We have indicated in the past that such mild comments may not be erroneous, so long as they can be interpreted as an attack on arguments made by the defense counsel." *Id.* at 258-59. However, "legitimate arguments by defense counsel cannot serve as a basis for permitting prosecutorial comments that 'cast aspersion on defense counsel's veracity.'" *Id.* at 259 (quoting *Dinkins*, 894 S.W.2d at 357).

Here, the prosecutor's comment was even "milder" than that in *Mosely*. We conclude the prosecutor was merely attacking defense counsel's statement that a fight did not occur and that was the "truth, the whole truth, nothing but the truth." In context, we do not believe the prosecutor was impugning defense counsel's veracity or professionalism. Therefore, the trial court did not abuse its discretion in overruling appellant's objection.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish